Weygandt, C. J.,
dissenting. In his opinion in the case of Saxton v. Seiberling, 48 Ohio St., 554, 29 N. E., 179, Minshall, J., observed:
“The Court of Common Pleas is a court of general jurisdiction. It embraces all matters of law and in equity that are not denied to it.”
And in his recent opinion in the case of State v. King, 166 Ohio St., 293, 142 N. E. (2d), 222, Stewart, J., said:
“An example of the logic of the foregoing statement can be *240 found in the concurrent jurisdiction of the Court of Common Pleas, given by law, and of the Court of Appeals and the Supreme Court, given by 'the Constitution, in quo warranto, mandamus, habeas corpus, prohibition and procedendo. Although the three courts have concurrent original jurisdiction in such matters, they are not courts of the- same name or equal in all jurisdictional respects. * * * The functions of the throe courts are quite different, and yet their original jurisdiction over the matters referred to are concurrent.”
It is true that in Article IV of the Constitution of Ohio original jurisdiction in prohibition is conferred on the Supreme Court and Courts of Appeals, and that the Courts of Common Pleas are not mentioned in that connection. However, this does not warrant the .inference that Courts of Common Pleas are thereby prohibited from exercising that jurisdiction. The evident reason for the omission is that the latter are trial courts while the Courts of Appeals and the Supreme Court are reviewing courts and, of course, are without original jurisdiction except as specially conferred on them by the Constitution.
In the instant case it would seem that the lower courts were correct in holding that the Court of Common Pleas, as the one court of general jurisdiction, possesses original jurisdiction t.n issue a writ of prohibition.